**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EARL HOLMES, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CIV-06-796-R ) |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
|     Defendants. | ) ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered August 23, 2006 and Plaintiff's Objections to the Report and Recommendation filed September 14, 2006.  The Magistrate Judge recommended dismissal of Plaintiff's Complaint for failure to state a claim on which relief can be granted because Plaintiff has failed to show total exhaustion of his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(c)(1), and, to the extent Plaintiff is seeking monetary relief from the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, for failure to exhaust his administrative remedies. Plaintiff in his Objections asserts that the Magistrate Judge erroneously employed 28 U.S.C. § 1915A as a screening tool, suggesting it applies only to proceedings brought *in forma pauperis*; that federal prisoners such as Plaintiff who are seeking monetary relief only under *Bivens* claims brought against federal officials need not pursue prison remedies, *citing Garrett v. Hawk*, 127 F.3d 1263, 1266 (10th Cir. 1997); and that he has exhausted his

administrative remedies under the FTCA, submitting copies of his administrative tort claim and the DOJ letter denying his claim. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of these objections.

Plaintiff is wrong in his assertion that the screening requirement of 28 U.S.C. § 1915A does not apply to this action because Plaintiff is not proceeding *in forma pauperis*. "[Section] 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee." *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) (citations omitted).

Plaintiff is also wrong in asserting that a prisoner asserting a *Bivens* claim for monetary relief against federal officials is not required to exhaust his administrative remedies. *See Kikimura v. Osagie*, __ F.3d __, 2006 WL 2578805 (10th Cir. Sept. 8, 2006) (No. 04-1249) (exhaustion requirement applies to *Bivens* claims); *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001) (exhaustion requirement applies to *Bivens* claims, in light of the Supreme Court's decision in *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1824, 149 L.Ed.2d 958 (2001); the holding of *Garrett* with respect to jurisdiction over an inmate's claims for monetary relief is not applicable); *Harmon v. Gallegos*, 158 Fed. Appx. 87, 88 (10th Cir. Nov. 30, 2005) (No. 05-3209) ("The exhaustion requirement applies even if the prisoner only requests monetary damages unavailable through administrative channels.") (citing *Booth v. Churner*).

Plaintiff has now shown that he has properly exhausted his administrative remedy under the FTCA. The Court treats Plaintiff's Complaint as amended by the Exhibits attached

to the Objection.  Accordingly, the Court REJECTS that portion of the Report and Recommendation [Doc. No. 6] holding that the Court lacks jurisdiction over Plaintiff's claim(s) under the FTCA and recommending dismissal thereof.

In accordance with the foregoing, the Court ADOPTS the Report and Recommendation [Doc. No. 6] insofar as it recommends dismissal of Plaintiff's *Bivens* claims without prejudice for failure to exhaust administrative remedies and REJECTS the Report and Recommendation insofar as it recommends dismissal of Plaintiff's FTCA claim(s) for failure to exhaust administrative remedies.  Plaintiff's *Bivens* claims against the individual Defendants are DISMISSED without prejudice.  This case is REMANDED to the Magistrate Judge for further proceedings on Plaintiff's FTCA claim(s) against the United States of America.

**It is so ordered this 3rd day of October, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE