**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EARL HOLMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-06-796-R |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff filed this action seeking relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. On November 27, 2007, Judge Argo issued a Report and Recommendation, wherein he recommended that the United States' motion for summary judgment be granted to the extent that Plaintiff alleges the United States was liable for the acts and omissions of Defendant Dr. Harper, but that otherwise the motion for summary judgment be denied. The matter is currently before the Court on the timely objections to the Report and Recommendation filed by both the Plaintiff and Defendants.

As a matter of statutory and constitutional law, the Court undertakes *de novo* review of those portions of the Report and Recommendation to which specific objection has been made. *See*, 28 U.S.C. § 636 (b)(1)(C); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). The Court applies a "firm waiver rule," which holds "that a party's objection to

the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996).

Plaintiff's complaint alleges that he was confined to the Federal Correctional Institute, El Reno, when he developed a vision problem in his left eye, ultimately diagnosed as a detached retina. Plaintiff alleges that he was denied appropriate medical care by the optometrist for the Bureau of Prisons, which resulted in permanent loss of vision. The United States filed a motion for summary judgment, asserting that Plaintiff failed to timely exhaust his claim by filing a written claim with the Bureau within two years, as required by 28 U.S.C. § 2401(b), and that it is not responsible for any negligence by its independent contractor. Finally, Defendant contends that Plaintiff has failed to present expert testimony as required to support a medical malpractice claim under Oklahoma law.

With regard to Defendant's first argument, Judge Argo recommended that summary judgment be denied because under applicable Tenth Circuit authority, Plaintiff timely filed his SF 95 claim form. The United States does not object to the Report and Recommendation in this regard. *See* Objection, p. 3. Judge Argo next recommended that the United States be granted summary judgment with regard to any negligence of its independent contractor optometrist, Dr. Harper. Defendant does not object to this conclusion, although Plaintiff does as addressed subsequently herein. Judge Argo next concluded that it was unnecessary to evaluate Defendant's argument that Plaintiff's claims fail because he failed to provide expert testimony; Defendant objects to this conclusion. Finally, Defendant objects to Judge Argo's

conclusion that there are remaining tort claims against the United States as a result of Plaintiff's allegations against Defendant's employees.

The Court hereby ADOPTS Judge Argo's Report and Recommendation. Although the United States might at some point be entitled to summary judgment on Plaintiff's remaining FTCA claims, the motion filed by the Defendant was not directed specifically at claims other than those arising from Dr. Harper's alleged negligence. Additionally, as noted by Judge Argo, the claims for the alleged negligence of the non-medical personnel do not require that Plaintiff submit expert testimony. Although Plaintiff may ultimately be unable to prevail without such testimony, at this stage and given the motion filed by the Defendant, Plaintiff was not obligated to provide evidence to support his negligence claims against non-medical personnel. Accordingly, Defendant's motion for summary judgment is denied with regard to claims arising out of the alleged negligence of any of its employees. Defendant, however, is hereby granted leave to file a second motion for summary judgment addressing the alleged negligence of its employees and whether Plaintiff can sustain his burden with regard to such claims.

Plaintiff objects to Judge Argo's conclusion that Dr. Harper was an independent contractor and therefore the United States cannot be held responsible for any negligence on his part. Judge Argo concluded that summary judgment is appropriate, in part, because Plaintiff failed to provide any evidence to support his theory that Dr. Harper is an employee of the United States rather than an independent contractor. Report and Recommendation, p. 12. Plaintiff complains that Judge Argo did not consider each of the factors set forth in

*Tsosie v. United States*, 452 F.3d 1161 (10th Cir. 2006), in determining whether the United States was Dr. Harper's employer. The Court disagrees. Judge Argo noted that the only factor weighing in favor of finding Dr. Harper to be an employee was the fact that pursuant to the contract the Bureau of Prisons was to provide the necessary equipment. However, Judge Argo further noted that modern day physicians rarely carry the tools of the trade, and generally prisons are wary of permitting outsiders to introduce items into a correctional facility. Report and Recommendation, p. 11. Judge Argo further noted the absence of any evidence, by either party, regarding who pays social security taxes on the money earned by Dr. Harper. Although Plaintiff contends that he cannot ascertain this information without assistance from the Court, Plaintiff had the opportunity to make inquiry on this issue during discovery. Plaintiff also argues that Judge Argo failed to address whether Dr. Harper could subcontract to others and asserts that he could not discover this information without assistance from the Court. Again, there is no evidence in the record regarding this prong and Plaintiff could have made inquiry during discovery.

Finally, as noted by Judge Argo, Plaintiff has not served Dr. Harper in this lawsuit, despite the fact that he filed the complaint in July 2006. Plaintiff asserts that he believed the state law claim against Dr. Harper had been dismissed by the Court and that only the FTCA claim was proceeding. He asks for additional time to effect service, having attempted, unsuccessfully, to serve Dr. Harper via certified mail in 2006. Plaintiff requests that service be completed by Marshals Service pursuant to Federal Rule of Civil Procedure 4(c)(3).

The Court agrees that service by the Marshal Service is permissible. However,

Plaintiff is not proceeding *in forma pauperis*, and accordingly, he must be prepared to proffer payment to the Marshals Service for its attempts at serving Dr. Harper. Should Plaintiff persist in his desire to utilize the Marshals Service he should complete U.S. Marshals Form 285 and any necessary service papers and remit those to the Court along with $8.00, the fee established by the Department of Justice for service of process by mail by the United States Marshals Service. 28 C.F.R. § 0.114. Additionally, because Plaintiff has been unsuccessful in identifying Dr. Harper's address, the United States is hereby directed to provide the last known address for Dr. Harper to the Marshals Service upon receipt of notification from the Plaintiff that he had submitted Form 285 and proffered the $8.00. Therefore, the address portion of any service papers submitted by Plaintiff may remain blank and the Marshals Service shall complete that section. The Plaintiff shall provide a copy of this order to the Marshals Service with this completed Form 285. A form 285 is provided with this order for Plaintiff's convenience.

For the reasons set forth herein, Judge Argo's Report and Recommendation is ADOPTED IN ITS ENTIRETY. This matter is hereby remanded to Judge Argo for further proceedings consistent herewith. Plaintiff is hereby granted an additional period of ninety days in which to serve process on Dr. Harper, which he may do by utilizing the Marshals Service, as set forth herein. Finally, Defendant is hereby granted leave to file a second motion for summary judgment addressing Plaintiff's claims of negligence for the acts of employees of the Bureau of Prisons. Defendant's motion for summary judgment is GRANTED with regard to the liability of the United States for any negligence of Dr. Harper.

In all other respects the motion is DENIED.

IT IS SO ORDERED this 8th day of January 2008.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE