## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EARL HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-06-796-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| and DR. EDWARD HARPER, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff filed this action seeking relief under *Bivens v. Six Unkonwn Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. On July 31, 2009, Judge Argo issued a Report and Recommendation, wherein he recommended that the United States' motion for summary judgment be granted and the motion to dismiss of Dr. Harper be granted as well. The matter is currently before the Court on the timely objections to the Report and Recommendation filed by the Plaintiff.[1]

As a matter of statutory and constitutional law, the Court undertakes *de novo* review of those portions of the Report and Recommendation to which specific objection has been made. *See*, 28 U.S.C. § 636 (b)(1)(C); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). The Court applies a "firm waiver rule," which holds "that a party's objection to

---

[1] Plaintiff filed separate objections to the Report and Recommendation, one addressing the motion for summary judgment of the United States, and the other addressing the motion to dismiss of Defendant Harper.

the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996).

The Report and Recommendation recommends that the motion to dismiss filed by Dr. Edward Harper be granted on the basis of the statute of limitations.[2]  Plaintiff complains that the Report and Recommendation fails to consider the time during which his administrative claim under the FTCA was pending and the impact of that period on the statute of limitations. As noted by Judge Argo in footnote 2 of the Report and Recommendation, the only proper Defendant in a FTCA claim is the United States.  Claims against individuals such as Dr. Harper must be premised on other grounds.  Earlier in this case, Judge Argo concluded, and the Court agreed, that Plaintiff was seeking relief from Dr. Harper under Oklahoma's medical malpractice laws.  The fact that Plaintiff was required to pursue administrative relief on his FTCA claim against the United States did not impact or extend the statute of limitations period for Plaintiff's medical malpractice claim against Dr. Harper.  Accordingly, as admitted by Plaintiff, at the latest he became aware of his permanent eye damage in March 2004, and this action was not filed until July 2006, after expiration of the two year statute of limitations period for state medical malpractice claims.[3]  Additionally, the blindness that resulted from

---

[2] The Court previously concluded that Dr. Harper was not an employee of the Bureau of Prisons, but rather was an independent contractor.

[3] Plaintiff contends this Court divided his claims, into two separate types.  In the November 11, 2007 Report and Recommendation, Judge Argo  identified the appropriate basis for Plaintiff's remaining claims.  Plaintiff cannot proceed against Dr. Harper under the FTCA for the reasons set forth above.  Plaintiff has not identified any potentially appropriate basis for seeking relief from Dr. Harper other than medical malpractice.

the alleged malpractice does not provide a basis for tolling the statute of limitations.  The

Court hereby adopts the Report and Recommendation with regard to the motion to dismiss,

which is granted as to Plaintiff's claims against Dr. Harper.

As noted, Judge Argo further recommended that the motion for summary judgment

filed by the United States be granted.  The Court previously granted summary judgment to

the United States for the alleged medical malpractice claims as related to Dr. Harper's

actions, concluding that he was an independent contractor.  The Court declined at that time

to grant the United States summary judgment with regard to the actions of employees of the

United States.

Plaintiff alleged that Bureau of Prisons' employees failed to provide timely and proper

medical treatment for his eye, and that correctional officer Ferguson required him to perform

certain duties in disregard of his medical-related work restrictions.  In the Report and

Recommendation Judge Argo recommends that summary judgment be granted to the United

States on Plaintiff's FTCA claim, because Plaintiff has failed to present any evidence that

breach of any duty owed him by employees of FCI El-Reno was the cause of his injuries.

In short, Plaintiff lacked evidence of causation, which is necessary to support his negligence

claims.  Having reviewed the objection and the evidence, that Court finds that Plaintiff has

failed to present any evidence that the negligence of any Bureau of Prisons' employee caused

his injuries.  The Merck Manual submitted by Plaintiff merely provides a general discussion

about the potential consequences of a detached retina.  This discussion, however, does not

constitute evidence to support Plaintiff's claims.  Additionally, to the extent Plaintiff is

seeking to recover against individual Defendants for the alleged violation of his constitutional rights, the individual defendants were dismissed from this action without prejudice on October 3, 2006, and thus are not part of this action.

Having conducted a *de novo* review of the Report and Recommendation and the objections thereto, the Court hereby ADOPTS the Report and Recommendation in its entirety.  Summary judgment is granted to the United States, and the Defendant Harper's motion to dismiss is granted.

IT IS SO ORDERED this 26th day of August 2009.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE